## SMITH v. PRITCHARD.

Court of Appeals of District of Columbia.
Submitted January 18, 1928. Decided February 6, 1928.

No. 2034.

1. Patents ⬡106(3)—Junior party, claiming interference, has burden of proof.

Junior party in interference proceeding has burden of proving his case beyond a reasonable doubt.

2. Patents ⬡91(4)—Senior party held properly awarded priority for machine for forming one-piece sheet metal bull wheel rims for use as pulleys.

Senior party in interference proceeding *held* properly awarded priority of an invention involving a machine for forming one-piece sheet metal bull wheel rims for use as pulleys.

Appeal from the Commissioner of Patents.

Interference proceeding between Edward A. Smith and Carl B. Pritchard. Decision for the latter, and the former appeals. Affirmed.

V. H. Lockwood and R. G. Lockwood, both of Indianapolis, Ind., and D. B. Galt, of Washington, D. C., for appellant.

J. B. Brown, of Pittsburgh, Pa., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The invention involved in this interference is a machine for forming one-piece sheet metal bull wheel rims, such as are used as pulleys for the heavy ropes employed in drilling wells, especially oil wells. The explanation is given that prior to the present invention such a rim was made in four sections by means of "bull dozers" which would stamp the grooves and flanges in each section while heated, after which the sections would be welded together. By means of the machine involved herein the manufacture of such rims has been greatly facilitated and cheapened, by taking a flat band of sheet metal, bending it into circular form, securing the ends by welding them together, thus forming a single circular band, and thereafter placing this band in the machine, so that it will pass between a pair of grooved or corrugated rolls, which are gradually brought together under sufficient pressure, and simultaneously rotated, so as to gradually roll grooves in the metal rim. The

rim may similarly be flanged by the use of flanging rolls mounted upon the same or a secondary driving roll. The issue is in six counts, of which counts 1, 3, and 5, are copied as illustrative:

"1. In a corrugating and flanging machine of the character described, a base, corrugating and flanging driving rolls mounted for rotation upon said base, corrugating and flanging forming rolls mounted upon said base and adapted for respective co-operation with said driving rolls, means for actuating said driving rolls and simultaneously actuated means for controlling the slow movement of said forming rolls in a direction toward said driving rolls, and means for stopping the movement of said forming rolls, either jointly or singly."

"3. In a corrugating and flanging machine, a base, corrugating and flanging driving rolls disposed for rotation upon said base, a pair of longitudinally movable forming rolls slidably disposed upon said base and adapted for respective co-operation with said corrugating and flanging driving rolls, a power plant upon said base, and means operable by said power plant for causing the movement of said forming rolls in a direction toward or away from said driving rolls, simultaneously with the operation of said driving rolls."

"5. In a corrugating and flanging machine of the character described, a base, a corrugated driving roll disposed for rotation upon said base, and over which is to be engaged a corrugated tube of relatively wider dimensions than said driving roll, a forming roll flanged at its opposite ends disposed for sliding movement upon said base in directions toward or away from said driving roll, the flanges of said forming roll adapted for engagement with the protruding edges of the tube being flanged, and means for simultaneously rotating said driving roll and for moving said forming roll slowly in a direction toward said driving roll for consequently forcing the protruding edges of said tube inwardly."

Pritchard is the senior party, having a patent issued September 2, 1924, upon an application filed November 6, 1923. After the patent issued, Smith copied it in his application filed February 2, 1925.

Both parties have taken testimony. The Examiner of Interferences found upon the evidence that Pritchard was the first to conceive the broad invention, and the first to reduce counts 1 to 4 to practice, but that he was lacking in diligence with respect to certain parts covered by counts 5 and 6. He therefore awarded priority as to counts 1 to 4 to Pritchard, and counts 5 and 6 to Smith. The Board of Examiners in Chief, upon appeal, affirmed the decision as to counts 1 to 4, but reversed it as to counts 5 and 6, and awarded priority also as to these counts to Pritchard. This decision was in turn affirmed by the Commissioner of Patents, and the present appeal was taken. The appellant, however, has since withdrawn counts 1 to 4 from the appeal, leaving it to proceed as to counts 5 and 6 only.

[1, 2] Smith must bear the burden of proving his case beyond a reasonable doubt. A review of the record convinces us that he has failed to do this. The evidence establishes the fact that Pritchard and Smith were employees of a factory which made such rims according to the old expensive and unsatisfactory manner; that urgent demand was made by the management for a better method of manufacture; that Pritchard thereupon conceived of the present invention and explained it to Smith; and that they then caused a machine to be constructed in accordance with Pritchard's plans. Pritchard knew of the importance of his invention and carefully preserved proof of his priority.

As to counts 5 and 6, also, we agree with the decision awarding priority to Pritchard. It is plain that there is no new invention defined by these counts over that defined in counts 1 to 4. It is stated in appellant's brief that the subject-matter of count 3 comprises mere duplication of Smith's invention. We agree with this, if inversely stated. Moreover, it is made apparent by the record that the real question herein involved is one of originality, and that the question of diligence raised by the Examiner does not properly arise between the parties. Rose v. Brownlee, 55 App. D. C. 398, 2 F.(2d) 1013.

The decision of the Commissioner of Patents, awarding priority of invention to Pritchard as to all of the counts, is affirmed.